USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CRYSTAL MCLEAN INDIVIDUALLY and as
m/n/g for KAHEEM MAXWELL, MARQUISE       :
MAXWELL, SAFIYA MCLEAN and GEORGE
MCLEAN; JOHN  HAMILTON INDIVIDUALLY :
and f/n/g for MARQUISE MAXWELL AND
KAHEEM MAXWELL,                                          :   **OPINION and ORDER**

                              **Plaintiffs,**      :      **04 Civ. 8353 (SAS)**

               -against-
                                                            :

THE CITY OF NEW YORK, THE NEW YORK
CITY ADMINISTRATION FOR CHILDREN'S       :
SERVICES, NEW YORK CITY DEPARTMENT
OF HEALTH AND MENTAL HYGIENE, THE        :
NEW YORK CITY HUMAN RESOURCES
ADMINISTRATION, LYNETTE TAYLOR and       :
LYNETTE TAYLOR-GROUP FAMILY DAY
CARE,                                                        :

                              **Defendants.**    :
-------------------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

Plaintiffs, now proceeding pro se, bring this action seeking money

damages against the City of New York ("City"), the New York City

Administration for Children's Services ("ACS"), the New York City Human

Resources Administration ("HRA"), the New York City Department of Health and

Mental Hygiene ("DOHMH") (collectively the "City Defendants"), Lynette

Taylor, and the Lynette Taylor-Group Family Day Care pursuant to 42 U.S.C. §§

1983 and 1988 and the Fourth and Fourteenth Amendments to the United States

Constitution. Plaintiffs allege, *inter alia*, that they were deprived of their Due Process rights and the constitutional guarantee against governmental interference with certain fundamental rights concerning the care, custody and control of their children.[1]

The City defendants move to dismiss the Complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Alternatively, the City defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that this Court lacks subject matter jurisdiction over plaintiffs' claims under the *Rooker-Feldman* doctrine.[2] For the following reasons, the City defendants' motion is granted under both Rule 41(b) and Rule 12(b)(1).

## I.    FACTS

On October 27, 2003, ACS filed petitions in the Family Court of the State of New York alleging that plaintiffs Crystal McLean and John Hamilton abused and neglected their children Kaheem Maxwell, Marquise Maxwell, Safiya

---

[1]    Plaintiffs failed to serve Lynette Taylor and the Lynette Taylor-Group Family Day Care with the summons and complaint. These defendants are therefore dismissed pursuant to Federal Rule of Civil Procedure 4(m).

[2]    *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

2

McLean, and George McLean.[3]  The petitions alleged that it would be contrary to

the welfare and best interest of the children for them to remain in their parents'

home.[4]  As an example of abuse, the petition for Marquise Maxwell stated that on

October 24, 2003, Marquise was taken to a hospital where it was determined that

she had a skull fracture which required emergency surgery.[5]  Plaintiffs failed to

offer any explanation for the child's injuries.[6]

Pursuant to section 1027 of the Family Court Act,[7] the Family Court

issued Removal Orders, dated October 27, 2003, which directed that ACS

temporarily take custody of the four children because of imminent risk to their life

or health.[8]  On November 13, 2003, at the close of a hearing held pursuant to

section 1028 of the Family Court Act,[9] the Family Court found that the

---

[3]     *See* Petitions Abuse Case, Declaration of John P. Hewson, Assistant
Corporation Counsel, dated October 27, 2006 ("Hewson Dec."), Ex. B.

[4]     *See* Petitions, Addendum III ¶ 2, Ex. B to Hewson Dec.

[5]     *See* Petition for Marquise Maxwell, Addendum I ¶ 1, Ex. B to
Hewson Dec.

[6]     *See id.*

[7]     *See* N.Y. Family Court Act § 1027(b) (McKinney 2007).

[8]     *See* Removal Orders, Ex. C to Hewson Dec.

[9]     *See* N.Y. Family Court Act § 1028(a) (McKinney 2007).

3

return of the children to plaintiffs would pose an imminent risk to their lives and health.[10]  On April 27, 2004, at the close of a fact-finding hearing and pursuant to section 1051 of the Family Court Act,[11] the Family Court found, by a preponderance of the evidence, that plaintiffs had abused and neglected all four of their children.[12]  The Family Court then remanded the children to the continued custody of ACS.[13]

On October 22, 2004, plaintiffs filed the instant action.[14]  According to a Scheduling Order signed by then Chief Judge Michael B. Mukasey, discovery was to be completed by September 30, 2005.  By letter dated September 22, 2005, the City defendants requested that discovery be extended until November 30, 2005, so that they could obtain medical releases from plaintiffs before deposing them.[15]  On December 13, 2005, the Court granted defendants' request and

---

[10]     *See* 11/13/03 Transcript of Hearing before the Honorable Jody Adams, Ex. D to Hewson Dec., at 224-25.

[11]     *See* N.Y. Family Court Act § 1051(a) (McKinney 2007).

[12]     *See* 4/27/04 Transcript of Hearing before the Honorable Jody Adams, Ex. E to Hewson Dec., at 10.

[13]     *See* 4/27/04 Order of Fact-Finding, Ex. F to Hewson Dec.

[14]     *See* Verified Complaint, Ex. A to Hewson Dec.

[15]     *See* 9/22/05 Letter from John P. Hewson to Judge Mukasey, Ex. H to Hewson Dec.

4

extended discovery until January 6, 2006.[16]  At a conference held on February 17,

2006, the law firm previously representing plaintiffs, Breschel & Rubin, asked to

be relieved as counsel.  The conference was continued to March 31, 2006, at

which time plaintiffs were ordered to appear, with or without new counsel, or face

dismissal of their case.  Plaintiffs failed to appear.  On April 4, 2006, Judge

Mukasey formally relieved the firm of Breschel & Rubin of further representation.

On September 22, 2006, this Court issued an Order directing defendants to serve

their motion to dismiss by October 27, 2006.  This Order also directed plaintiffs to

oppose the motion by November 24, 2006.  Notwithstanding this Order, plaintiffs

failed to submit any opposition to defendants' motion.

## II.   LEGAL STANDARDS

### A.   Failure to Prosecute

Plaintiffs are generally obligated to prosecute their cases diligently

and, where they fail to do so, district courts have the "inherent power" to dismiss a

case for failure to prosecute pursuant to Rule 41(b).[17]  Rule 41(b) states that "[f]or

---

[16]      *See* 12/13/05 Order from Judge Mukasey [Document #5 on the ECF Docket].

[17]      *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).  *Accord Shannon v. General Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999) (affirming district court's dismissal under Rule 41 for failure to prosecute).

failure of the plaintiff to prosecute or to comply with these rules or any order of

court, a defendant may move for dismissal of an action or of any claim against the

defendant."[18] In determining whether dismissal is appropriate under Rule 41(b),

courts look to the following factors:

> (1) the duration of the plaintiff's failure to comply with the
> court order; (2) whether the plaintiff was on notice that
> failure to comply would result in dismissal; (3) whether
> the defendants are likely to be prejudiced by further delay
> in the proceedings; (4) a balancing of the court's interest in
> managing its docket with the plaintiff's interest in
> receiving a fair chance to be heard; and (5) whether the
> judge has adequately considered a sanction less drastic
> than dismissal.[19]

## B.    Lack of Subject Matter Jurisdiction

Rule 12(b)(1) provides for the dismissal of a claim when the federal

court "lacks jurisdiction over the subject matter."  Plaintiff bears the burden of

establishing subject matter jurisdiction by a preponderance of the evidence.[20]  In

considering a motion to dismiss for lack of subject matter jurisdiction, the court

must assume the truth of the material factual allegations contained in a

---

[18]    Fed. R. Civ. P. 41(b).

[19]    *Spencer v. Doe*, 139 F.3d 107, 112-13 (2d Cir. 1998).

[20]    *See Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002).

6

complaint.[21] Also, "[i]t is well established that the submissions of a pro se litigant

must be construed liberally and interpreted 'to raise the strongest arguments that

they suggest.'"[22] However, "jurisdiction must be shown affirmatively"[23] as courts

do not "draw inferences from the complaint favorable to plaintiffs" who assert

jurisdiction but do not affirmatively show it.[24] In fact, "where jurisdictional facts

are placed in dispute, the court has the power and obligation to decide issues of

fact by reference to evidence outside the pleadings, such as affidavits."[25]

## C.    The *Rooker-Feldman* Doctrine

Although *Rooker* and *Feldman* "established the clear principle that

federal district courts lack jurisdiction over suits that are, in substance, appeals

from state-court judgments . . . the two cases provided little guidance on how to

---

[21]    *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d
Cir. 2006) (citing *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir.
2004)).

[22]    *Id.* (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

[23]    *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.
1998) (citation omitted).

[24]    *Attica Cent. Schs.*, 386 F.3d at 110.

[25]    *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999). *Accord
Attica Cent. Schs.*, 386 F.3d 107.

apply that principle."[26]  To curtail what was perceived as an over-expansion of the

doctrine by the lower courts, the Supreme Court explained that the *Rooker-*

*Feldman* doctrine

> is confined to cases of the kind from which the doctrine
> acquired its name: cases brought by state-court losers
> complaining of injuries caused by state-court judgments
> rendered before the district court proceedings commenced
> and inviting district court review and rejection of those
> judgments. *Rooker-Feldman* does not otherwise override
> or supplant preclusion doctrine or augment the
> circumscribed doctrines that allow federal courts to stay or
> dismiss proceedings in deference to state-court actions.[27]

Moreover, "*Rooker-Feldman* has no application to federal-court suits proceeding

in parallel with ongoing state-court litigation."[28]

In light of *Exxon Mobil*, the Second Circuit re-examined the *Rooker-*

*Feldman* doctrine and developed the following four requirements to determine the

applicability of the doctrine:  (1) "the federal-court plaintiff must have lost in state

court;" (2) "the state-court judgment must have been 'rendered before the district

court proceedings commenced;'" (3) "the federal plaintiff must complain of injury

---

[26]     *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir.
2005).

[27]     *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284
(2005). *Accord Lance v. Dennis*, 546 U.S. 459, ___, 126 S. Ct. 1198, 1199 (2006).

[28]     *Hoblock*, 422 F.3d at 85.

8

from a state-court judgment;" and (4) "the federal plaintiff must seek federal-court review and rejection of the state-court judgment."[29]  The first two requirements are procedural in nature while the latter two are substantive.[30]  If all four conditions apply, the federal court lacks subject matter jurisdiction to adjudicate the case.[31]

## III.   DISCUSSION

### A.   The Complaint Is Dismissed Based on Plaintiffs' Failure to Prosecute

#### 1.   Duration of Plaintiffs' Failure

Although plaintiffs filed this action on October 22, 2004, they have conducted virtually no discovery.  In fact, over the past two years, they served only one document request, to which defendants responded.  However, plaintiffs failed to comply with defendants' one document request.  In November of 2004, the City defendants asked plaintiffs for a medical release for Marquise Maxwell. Plaintiffs did not provide a release.  After noticing plaintiffs' depositions, the City

---

[29]   *Hoblock*, 422 F.3d at 85 (quoting *Exxon Mobil*, 544 U.S. at ___, 125 S. Ct. at 1522).  *Accord Phillips v. City of New York*, 453 F. Supp. 2d 690, 713 (S.D.N.Y. 2006).

[30]   *See Phillips*, 453 F. Supp. 2d at 713.  Later on in the *Hoblock* decision, the Second Circuit re-defines the procedural requirements as follows: "(1) the federal suit must follow the state judgment; and (2) the parties in the state and federal suits must be the same."  *Hoblock*, 422 F.3d at 89.

[31]   *See Phillips*, 453 F. Supp. 2d at 713.

defendants again requested the medical release.  Plaintiffs again did not provide it.

Plaintiffs thereby prevented defendants from being properly prepared for

plaintiffs' depositions.  Furthermore, seven months have passed since the last

conference and plaintiffs have taken no other action.  Where "'[i]naction and

lethargy became the rule,'" a dismissal for failure to prosecute is appropriate.[32]

### 2.    Notice to Plaintiffs

On February 17, 2006, plaintiffs were verbally ordered to appear,

either with new counsel or pro se, on March 31, 2006, or risk having their case

dismissed.  Thus, plaintiffs were put on notice that their action was subject to

dismissal should they fail to appear before this Court on March 31, 2006.

Plaintiffs failed to appear despite this order.  Accordingly, plaintiffs have failed to

comply with a court order which, in and of itself, is grounds for dismissal under

Rule 41(b).

### 3.    Prejudice to Defendants

ACS has devoted considerable resources in the Family Court

proceedings concerning the custody of plaintiffs' children.  If this action were now

permitted to languish, the continuing costs of litigation would further prejudice the

---

[32]     *Shannon*, 186 F.3d at 194 (quoting *Lyell Theatre Corp. v. Loews
Corp.*, 682 F.2d 37, 39 (2d Cir. 1996) (alteration in original)).

10

City defendants.

### 4.    Alleviating Court Calendar Congestion

In the instant action, plaintiffs essentially seek to challenge the findings of the Family Court and seek to overturn that court's judgment. Plaintiffs have had, and continue to have, the opportunity to be heard in state court. Accordingly, there is no risk to plaintiffs' due process rights given their ability to vindicate their rights in state court. Moreover, this Court's calendar should not be burdened unnecessarily. Just as plaintiffs have forced defendants to expend considerable resources in defending a federal court action raising issues identical to those raised in the state court, so too has this Court expended valuable judicial resources in attempting to adjudicate this case. Given plaintiffs' inattention to this case and complete disregard for this Court's orders, it is entirely appropriate to dismiss the instant action.

### 5.    Efficacy of Lesser Sanctions

This action is almost two years old and has not progressed one bit since March 2006. Moreover, plaintiffs failed to respond even when advised of the potential for dismissal. A court should not have to beg the parties before it to litigate the cases they initiate. Furthermore, there is no reason to believe that lesser sanctions would encourage plaintiffs to prosecute their claims. Thus, the

11

sanction of dismissal is the only alternative under the circumstances.

**B.     Plaintiffs' Claims Are Dismissed Under the *Rooker-Feldman* Doctrine**

**1.     Rooker-Feldman's Procedural Requirements Have Been Met**

Plaintiffs lost in Family Court on April 27, 2004, when the Family

Court found, after a fact-finding hearing, that all four of plaintiffs' children had

been abused and neglected, and then remanded the children to the custody of ACS.

This judgment was rendered almost six months before plaintiffs filed their claim in

federal court.  Thus, the state court proceedings ended well before the

commencement of the federal suit.  Accordingly, both procedural requirements for

the application of the *Rooker-Feldman* doctrine have been satisfied.

**2.     Rooker-Feldman's Substantive Requirements Have Been Met**

"[F]ederal plaintiffs are not subject to the *Rooker-Feldman* bar unless

they *complain of an injury* caused by a state judgment."[33]  This is the core

requirement that must be examined in determining whether the doctrine applies.

> [T]his requirement explains why a federal plaintiff cannot
> escape the *Rooker-Feldman* bar simply by relying on a
> legal theory not raised in state court. Suppose a state court,
> based purely on state law, terminates a father's parental

---

[33]     *Hoblock*, 422 F.3d at 87 (emphasis in original).

12

rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal. This he may not do, regardless of whether he raised any constitutional claims in state court, because only the Supreme Court may hear appeals from state-court judgments.[34]

Plaintiffs' federal complaint centers around the loss of custody of their children, an injury that was caused by the Family Court's judgment. Thus, the first substantive requirement has been met. Finally, by seeking damages for violations of their parental rights, plaintiffs are in effect asking this Court to reject the Family Court's findings and reverse its judgment ordering the children's removal from plaintiffs' custody. Thus, the second substantive requirement of the *Rooker-Feldman* doctrine is also satisfied. Accordingly, plaintiffs are barred by the *Rooker-Feldman* doctrine from pursuing their claims in federal court.

## IV.    CONCLUSION

For the foregoing reasons, the City defendants' motion to dismiss is granted and this case is dismissed with prejudice. The Clerk of the Court is directed to close this motion [Document # 9] and this case. Counsel for the City defendants is directed to forward a copy of this Opinion and Order to plaintiffs

---

[34]     *Id.*

forthwith.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:        New York, New York
              February 6, 2007

14